E. R. STREYFFELER, Appellant, v. CONSOLIDATED INDEPENDENT SCHOOL DISTRICT OF WASHINGTON TOWNSHIP, POLK COUNTY, Appellee.

No. 39182.

JUNE 23, 1930.

*E. F. Wisdom,* for appellant.

*Wilson & Shaw,* for appellee.

EVANS, J.—The plaintiff pleaded a written contract entered into between him and the defendant School District. He pleaded also that he entered upon the service in September, 1924, and so continued until January 4, 1925; that, on said latter date, after statutory notice and hearing, the school board discharged him; that he appealed from such order of discharge to the county superintendent; that, after full hearing before the county superintendent, the order of discharge was confirmed by such county superintendent; that he appealed from the decision of the county superintendent to the state superintendent of public instruction; that the state superintendent of public instruction dismissed the appeal, for want of jurisdiction; and that she predicated such dismissal specifically upon the following grounds:

"A careful reading of the record in this case shows that the main question is the termination of the contract of E. R. Streyf-

feler with the board of education of the Farrar Consolidated School District, no showing being made in the record to the effect that E. R. Streyffeler was incompetent, derelict in duty, or that he had committed any act which would disqualify him as a teacher; and as the termination of the contract is a matter for the courts to determine, and one over which this department has no jurisdiction, a hearing would be useless, and only an added expense. It is, therefore, my opinion that this appeal should be, and is hereby, dismissed for want of jurisdiction.''

He predicated his right of recovery upon the foregoing recital contained in the order of dismissal entered by the state superintendent of public instruction. The defendant demurred to the petition, on the ground that the averments of his petition do not entitle him to the relief demanded, and on the ground that such averments show that the plaintiff was discharged in the manner provided by statute, and no avoidance of such discharge is shown. The demurrer was sustained.

What the position of the plaintiff might be if he had ignored the proceedings of the board of directors in the matter of his discharge, and if he had pleaded his contract and the wrongful  refusal of the board to permit him to continue in its performance, we need not consider. It was his privilege to have permitted the defendant to assume the burden of justifying· his discharge and to show the regularity thereof. He chose, however, to plead the discharge, and to predicate an avoidance of it upon the recital above quoted from the order of dismissal by the state superintendent. This recital avails him nothing. The state superintendent dismissed the appeal for want of jurisdiction. She may have been in error in so doing. We have no appellate jurisdiction in the matter. Whether or not she was in fact mistaken in her conception of the legalities of the case, her order of dismissal was effective to render the appeal nugatory. She could not, if she would, dismiss it and yet make it effective as a disapproval or reversal of the order appealed from. This reduces the plaintiff to the position of having pleaded his ·own statutory discharge without having pleaded any avoidance of it. He did not in terms plead that the action of the school board

was wrongful or unauthorized. The petition was, therefore, demurrable, and the trial court properly so held.

The judgment is, accordingly,—*Affirmed.*

All the justices concur.